IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAWN MYERS                                                              PLAINTIFF

vs.                              Civil No. 5:19-cv-05187

ANDREW SAUL                                                             DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Dawn Myers ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Income Benefits ("DIB") under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Timothy L. Brooks referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **AFFIRMED.**

1. **Background:**

Plaintiff protectively filed her disability application on January 20, 2016. (Tr. 10).[1] In her application, Plaintiff alleges being disabled due to carpal tunnel, knee injury, heart murmur, depression, back injury, neck injury, endometriosis, over-active bladder, vitamin D deficiency, and cysts on ovary. (Tr. 280). Plaintiff alleges an onset date of September 25, 2015. (Tr. 10). This application was denied initially on August 17, 2017 and again upon reconsideration on May 18,

---

[1] References to the Transcript will be (Tr.___) and refer to the document filed at ECF No. 10. These references are to the page number of the transcript itself, not the ECF page number.

2017.  *Id*.  Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted.  (Tr. 105-150).

Plaintiff's administrative hearing was held on February 8, 2018.  (Tr. 30-52).  At this hearing, Plaintiff was present and was represented by Wayne Young.  *Id.*  Plaintiff and Vocational Expert ("VE") Zachariah R. Langley testified at this hearing.  *Id.*

On October 24, 2018, the ALJ entered an unfavorable decision denying Plaintiff's disability application.  (Tr. 10-21).  In this decision, the ALJ determined Plaintiff last met the insured status of the Act through December 31, 2019.  (Tr. 12, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 25, 2015.  (Tr. 12, Finding 2).

The ALJ found Plaintiff had the following severe impairments: porphyria, left knee status post plica excision; pineal cyst/headaches; obstructive sleep apnea; status post bilateral carpal tunnel release, and borderline intellectual functioning.  (Tr. 12, Finding 3).  Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC").  (Tr. 15-19, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except can do simple, routine, and repetitive tasks involving only simple work-related decisions with few, if any, work place changes and no more than incidental contact with co-workers, supervisors, and the general public.

*Id.* The ALJ determined Plaintiff was three-three (36) years old, which is defined as a "younger individual" under 20 C.F.R. § 416.963(c) (2008). (Tr. 20, Finding 7). As for her education, the ALJ found Plaintiff had at least a high school education and was able to communicate in English. (Tr. 20, Finding 8).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of her PRW. (Tr. 20, Finding 5). The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy, considering his age, education, work experience, and RFC. (Tr. 20-21, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Considering this testimony, the ALJ determined Plaintiff retained the capacity to perform representative occupations such as the following: (1) compact assembler with approximately 8,349 such jobs in the national economy; (2) ampoule sealer with 17,391 such jobs in the national economy; and (3) addressing clerk with approximately 61,875 such jobs in the national economy. (Tr. 21). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from September 25, 2015, through the date of the decision. (Tr. 21, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. On August 16, 2019, the Appeals Council denied this request for review. (Tr. 1-4). On October 7, 2019, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 12-13. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

3

findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines:  (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff argues the ALJ erred in his treatment of her carpel tunnel syndrome, Porphyria and headaches. ECF No. 12 at 2-7. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 13.

The ALJ found Plaintiff had severe impairments that resulted in significant exertional and non-exertional functional limitations. The ALJ found Plaintiff's bilateral carpal tunnel releases, porphyria, and headaches were severe impairments. (Tr. 12, Finding 3). The ALJ held Plaintiff's limitations restricted her to less than a full range of sedentary work.

In assessing a claimant's RFC, it is the ALJ's responsibility to base that determination upon "all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *See Anderson v. Shalala,* 51 F.3d 777, 779 (8th Cir. 1995). The mere fact a claimant has a long list of medical conditions does not demonstrate that person is disabled; instead, the RFC determination is a function-by-function analysis. *See* SSR 96-8P, 1996 WL 374184 (July 2, 1996). "The RFC assessment considers only functional

limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." *Id.* Based upon this standard and a review of Plaintiff's records and allegations in this case, the Court cannot find Plaintiff has demonstrated having any greater limitations than those found by the ALJ.

In discussing Plaintiff's carpal tunnel syndrome, the evidence did not establish Plaintiff had limitations that would compromise her ability to perform the limited range of sedentary work the ALJ found. The records from her treating physician indicated following her surgery that she was doing extremely well and was going to be released and seen on an as needed basis. (Tr. 1310). There was no indication of Plaintiff seeking further treatment.

In his decision, the ALJ held Plaintiff's porphyria was a severe impairment. (Tr. 12, Finding 3). However, functional limitations from this condition were included by restricting Plaintiff to less than a full range of sedentary work. In making this finding, the ALJ discussed treatment records from Plaintiff's physician where Plaintiff was restricted in physically strenuous activity, but ambulatory and able to carry out work of a light or sedentary nature. (Tr. 17). Further, the ALJ discussed later records which characterized Plaintiff as "Fully active, able to carry on all pre-disease performance without restriction" (Tr. 18).

Finally, Plaintiff is correct that she has a documented history of migraine headaches, but the ALJ did consider her limitations for those headaches when he assessed her RFC. (Tr. 15, Finding 5). The ALJ specified Plaintiff was limited to simple, routine, and repetitive tasks involving only simple work-related decisions with few, if any, workplace changes and no more than incidental contact with co-workers, supervisors, and the general public. *Id.*

Upon review of this claim, the Court finds no basis for reversal on these issues. In his decision, the ALJ thoroughly considered Plaintiff's RFC and her medical records. Accordingly, the Court finds the ALJ's RFC determination is supported by substantial evidence in the record.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.    See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 1st day of February 2021**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE